MALCOLM R. HAYES, JR., & another[1] vs. ARIENS COMPANY.

Middlesex. September 14, 1983. — March 14, 1984.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Negligence,* Manufacturer, Snow blower, Duty to warn. *Sale,* Warranty. *Practice, Civil,* Verdict.

This court reversed judgments entered in an action against the manufacturer of a motor driven snow blower for injuries sustained by the plaintiff as he was attempting to remove snow from the discharge chute of the snow blower, where the special verdicts returned by the jury, finding the defendant negligent based on defective design or failure to warn, but finding that the defendant did not breach its warranty of merchantability, were inconsistent. [409-414]

In a products liability case, the burden is on the plaintiff to prove allegations of injury as a result of the defendant's negligence or breach of warranty, whether the defendant is charged with improper design, inadequate warning, or both. [414]

CIVIL ACTION commenced in the Superior Court on April 24, 1978.

The case was tried before *Hamlin,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Robert V. Costello* for the plaintiffs.

*John P. Morgan* for the defendant.

O'CONNOR, J. While clearing snow from the driveway of his home, the plaintiff, Malcolm R. Hayes, Jr., suffered injuries to several fingers of his left hand as he was attempting to remove snow from the discharge chute of a snow blower manufactured by the defendant, Ariens Company (Ariens). Hayes and his wife, Donna, brought suit in the Superior Court seeking compensation for his injuries and for her loss of consortium. The plaintiffs sued on theories of negligence and breach of warranty of merchantability,

---

[1] Donna R. Hayes.

alleging that the snow blower was defective in design and that the defendant failed to warn adequately of the snow blower's dangers. The case was submitted to a jury in the form of special questions pursuant to Mass. R. Civ. P. 49 (a), 365 Mass. 812 (1974). The jury found that both Hayes and Ariens were negligent and that their negligence combined to cause Hayes's injuries. They attributed sixty percent of the negligence to Hayes and forty percent to Ariens. The jury also found that Ariens did not breach its warranty of merchantability. Therefore, pursuant to the trial judge's instructions, they did not reach the question whether a breach of warranty caused Hayes's injuries. They found for Ariens on Donna Hayes's claim of loss of consortium.

Before the jury were discharged, counsel for the plaintiffs informed the judge that in his opinion the special verdicts were inconsistent, stating that it was "impossible to find the defendant to have been negligent in the manufacture of their product and not to have breached their warranty of merchantability." Counsel requested that the jury be told that their verdicts were inconsistent and that they be instructed to deliberate further. The judge denied the request and discharged the jury. Thereafter, judgments were entered for Ariens from which the plaintiffs appeal. We granted the plaintiffs' application for direct appellate review.

The plaintiffs assert error in four respects: (1) the judge erred in entering judgment for Ariens because the answers to the special questions were inconsistent; (2) the judge erred in refusing to instruct the jury that in a breach of warranty case, when the plaintiff has made a prima facie showing that his injury was proximately caused by a product's design, the burden of proving that the product is not defective shifts to the defendant; (3) the judge erred in refusing to instruct the jury that in a products liability case alleging negligence or breach of warranty, when the plaintiff has proved an inadequate warning, the burden of proof on the issue of causation shifts to the defendant; and (4) the judge's instructions improperly took from the jury the issue whether the word "obstructions" on the caution label appearing on the snow blower referred to clogged snow.

We hold that the special verdicts were inconsistent, demonstrating that the jury misunderstood, or at least misapplied, the law.

Because it is impossible for us to determine the jury's reasoning, we reverse the judgments, and we remand the case for a new trial on all issues. We discuss the burden of proof issues since they are likely to arise at retrial. We do not consider it necessary to discuss the plaintiffs' fourth assertion of error.

There was evidence that on February 7, 1978, Hayes was using a motor driven snow blower that had been manufactured by Ariens in 1961 and that he had purchased from a third party in 1974. Hayes operated the machine while walking behind it. A large auger, known as a rake, pulled the snow into fast moving impeller blades which took the snow and threw it out the discharge chute. The discharge chute was labelled by Ariens with a warning: "Caution: Stop engine before removing obstructions from blower or rake."

On three occasions that day the discharge chute of the snow blower became clogged with wet and heavy snow. Hayes twice successfully batted the snow from the discharge chute with his left hand without stopping the engine. When the chute became clogged a third time, Hayes employed the same technique. This time, however, Hayes suffered injuries to several fingers on his left hand when they came into contact with the snow blower's impeller blades.

The plaintiffs, through an expert, introduced evidence that the defendant's failure to design the snow blower with a "dead man's clutch" or an "M wire," both of which were economically and technologically feasible at the time of manufacture, did not meet design standards accepted by the industry when the machine was manufactured. Furthermore, there was evidence that the design allowed wet and heavy snow to clog the discharge chute and that the machine was difficult to restart after being shut down for several minutes. From that evidence the jury could have found that it was reasonably foreseeable at the time of manufacture that an operator of the machine would have reason to attempt to remove clogged snow from the machine without turning it off. This, in turn, fairly raised the question whether the warning label was reasonably adequate to alert the operator to the risk of personal injury in doing so. The jury could have found that the snow blower was not reasonably safe and that a reasonably prudent manufacturer would have designed it differently or would have

affixed a different warning to it, or both, in order to lessen the risk of injury to users of the machine.

The special verdicts that Ariens was negligent and that Ariens did not breach its warranty were inconsistent. The finding that Ariens did not breach its warranty necessarily imported a finding that the product, including the warning label, was reasonably safe, whereas the negligence finding necessarily imported a finding that it was not. A defendant in a products liability case in this Commonwealth may be found to have breached its warranty of merchantability without having been negligent, but the reverse is not true. A defendant cannot be found to have been negligent without having breached the warranty of merchantability.[2]

The trial judge correctly charged the jury that in determining whether Ariens was negligent they should consider whether that company exercised reasonable care in the design of the snow blower and in warning potential users of dangers involved in its use. The judge properly charged, in substance, that Ariens was to be held to the standard of care set by an ordinarily prudent manufacturer in the same or similar circumstances as those of Ariens. See *Back* v. *Wickes Corp.*, 375 Mass. 633, 643 (1978), and cases cited. The finding of negligence was a statement by the jury about the product and about the manufacturer as well. It signified that the product was unreasonably dangerous because of its design or because of its failure to be accompanied by an adequate warning, or both. It also signified that an ordinarily prudent manufacturer would have recognized the product's shortcomings and would have taken appropriate corrective measures.

In support of its contention that the special verdicts were not inconsistent, Ariens relies on *doCanto* v. *Ametek, Inc.*, 367 Mass. 776, 785 (1975), and argues: "Having in mind voluminous evidence educed by plaintiff counsel as to subsequent model changes with presumably improved safety features, the jury could well

---

[2] Of course, the defendant might not be liable even though a breach of warranty is established. A failure to give timely notice of breach of warranty, if prejudicial to the defendant, constitutes a defense. G. L. c. 106, §§ 2-318 and 2-607 (3) (*a*). Also "[w]hen a user unreasonably proceeds to use a product which he knows to be defective and dangerous, he . . . relinquishes the protection of the law." *Correia* v. *Firestone Tire & Rubber Co.*, 388 Mass. 342, 355 (1983).

have accepted this as evidence of some negligence by Ariens, in not issuing warnings *after the sale* of a machine'' (emphasis in original). The essence of the defendant's contention is that the special verdicts are reconcilable because the jury could have concluded that although there was neither defective design nor inadequate warning at the time Ariens sold the machine, and that therefore the warranty was not breached, there was a negligent failure to give an appropriate post-sale warning of dangers that were discovered only after the sale. The argument is not persuasive. The finding of negligence could only have been based on a determination of defective design or inadequate warning at the time of the sale. It could not have been predicated on a failure to warn subsequent to the sale for several reasons. First, the judge's charge relative to negligence made no suggestion that the evidence permitted a finding that even though the caution label was adequate when the machine was sold, Ariens nevertheless breached a duty to give further warning after the sale. Second, even if the evidence would have warranted a finding that after the sale of the snow blower Ariens became aware of a danger that was not reasonably discoverable before the sale, which we do not decide, there was no evidence that Ariens reasonably could have notified Hayes, who purchased the snow blower, not from Ariens, but from a third person. Third, in *doCanto* v. *Ametek, Inc., supra* at 784-785, we held that when a manufacturer learns or should have learned of a risk *created by its negligence* (before the sale) ''it has a duty to take reasonable [post-sale] steps to warn *at least the purchaser* of the risk'' (emphasis added). In a footnote we observed also that ''there may be a duty to give reasonable warning of a [properly designed] product's dangers which are discovered after sale.'' *Id.* at 785 n.9. However, we did not say in *doCanto,* and we have never said, that a manufacturer has a duty to advise purchasers about post-sale safety improvements that have been made to a machine that was reasonably safe at the time of sale. Also, we have never said that a manufacturer has a duty to warn remote purchasers, such as Hayes, of risks in the use of a product that have been discovered or have become discoverable only after the product has entered the stream of commerce. We conclude that the jury's finding of negligence could only have been

based on their determination that the snow blower was unreason-
ably dangerous when sold. That determination cannot be recon-
ciled with the finding that there was no breach of warranty. As
we shall see, in order to conclude that there was no breach of
warranty, the jury had to find that the machine was designed
properly and that the caution label affixed to it gave sufficient
warning of whatever risk the snow blower presented.

Liability for breach of warranty is governed by the Uniform
Commercial Code, G. L. c. 106, §§ 2-314 - 2-318, and is " 'con-
gruent in nearly all respects with the principles expressed in
Restatement (Second) of Torts § 402A (1965),' which defines
the strict liability of a seller for physical harm to a user or consumer
of the seller's product. *Back* v. *Wickes Corp., supra* at 640."
*Correia* v. *Firestone Tire & Rubber Co.,* 388 Mass. 342, 353
(1983). *Wolfe* v. *Ford Motor Co.,* 386 Mass. 95, 98 (1982).[3]
The seller warrants that the product is "fit for the ordinary pur-
poses for which such goods are used," G. L. c. 106, § 2-314
(2) (*c*), inserted by St. 1957, c. 765, § 1, which include the uses

---

[3] "§ 402 A.  Special Liability of Seller of Product for Physical Harm to User
or Consumer

"(1) One who sells any product in a defective condition unreasonably danger-
ous to the user or consumer or to his property is subject to liability for physical
harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial
change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a) The seller has exercised all possible care in the preparation and sale of
his product, and

"(b) the user or consumer has not bought the product from or entered into
any contractual relation with the seller."

The "Caveat" follows the recitation of § 402A:

"the Institute expresses no opinion as to whether the rules stated in this
Section may not apply

"(1) to harm to persons other than users or consumers;

"(2) to the seller of a product expected to be processed or otherwise substan-
tially changed before it reaches the user or consumer; or

"(3) to the seller of a component part of a product to be assembled."

intended by the manufacturer and those which are reasonably foreseeable. *Back* v. *Wickes Corp., supra* at 640. Even if a product is properly designed, it is unreasonably dangerous and, therefore, it is not fit for the purposes for which such goods are used, if foreseeable users are not adequately warned of dangers associated with its use. *Casagrande* v. *F.W. Woolworth Co.,* 340 Mass. 552, 555 (1960). Furthermore, the duty of the seller "is not fulfilled even if the seller takes all reasonable measures to make his product safe. The liability issue focuses on whether the product was defective and unreasonably dangerous and not on the conduct of the . . . seller." *Correia* v. *Firestone Tire & Rubber Co., supra* at 355. Therefore, the finding that the warranty had not been breached signified that the product had not only been properly designed but also that adequate warning of dangers had been given. As we have stated earlier in this opinion, only a contradictory subsidiary finding would support a finding of negligence.

We have concluded that the special verdict with respect to the defendant's negligence could not properly have been based on the defendant's failure to give Hayes a post-sale warning. However, even if such a rationale were permissible, the verdicts were inconsistent nonetheless. For strict liability purposes, and therefore for purposes of our warranty law, the adequacy of a warning is measured by the warning that would be given at the time of sale by an ordinarily prudent vendor *who, at that time, is fully aware of the risks presented by the product.* A defendant vendor is held to that standard regardless of the knowledge of risks that he actually had or reasonably should have had when the sale took place. The vendor is presumed to have been fully informed at the time of the sale of all risks. The state of the art is irrelevant, as is the culpability of the defendant. Goods that, from the consumer's perspective, are unreasonably dangerous due to lack of adequate warning, are not fit for the ordinary purposes for which such goods are used regardless of the absence of fault on the vendor's part. See *Beshada* v. *Johns-Manville Prods. Corp.,* 90 N.J. 191, 202-207 (1982); *Phillips* v. *Kimwood Mach. Co.,* 269 Or. 485, 492 (1974). See also Wade, On the Nature of Strict Tort Liability for Products, 44 Miss. L.J. 825, 834-835 (1973).

Liability is imposed as a matter of social policy. *Back* v. *Wickes Corp., supra* at 640. See *Correia* v. *Firestone Tire & Rubber Co., supra* at 354-355. The finding that Ariens did not breach its warranty, therefore, necessarily implied that the warning given was adequate regardless of when the risk to be warned about was discovered or was discoverable.

Since the special verdicts with respect to whether the defendant was negligent and breached its warranty were inconsistent, further deliberations by the jury after appropriate instructions by the judge would have been appropriate. In any event, judgments should not have been entered for the defendant.

We turn to the burden of proof issues raised by the plaintiffs only long enough to say that in this Commonwealth the burden is on the plaintiff in a products liability case to prove his or her allegations of injury as a result of the defendant's negligence or breach of warranty. It is immaterial whether the defendant is charged with improper design, inadequate warning, or both. We are not persuaded by *Barker* v. *Lull Eng'r Co.,* 20 Cal. 3d 413 (1978), or *Caterpillar Tractor Co.* v. *Beck,* 593 P.2d 871 (Alaska 1979), relied on by the plaintiffs, to change our traditional rule. Furthermore, contrary to the plaintiffs' contentions, we do not read *Wolfe* v. *Ford Motor Co.,* 6 Mass. App. Ct. 346, 352 (1978), *S.C.,* 386 Mass. 95 (1982), or Restatement (Second) of Torts 402A comment j (1965), as favoring imposition on a defendant of the burden to prove the absence of a causal relationship between personal injuries and an inadequate warning of risk in the use of a product.

The judgments are reversed and the case is remanded to the Superior Court for a new trial on all issues.

*So ordered.*