FIDELE Z. RICHARD *vs.* AMERICAN MANUFACTURING COMPANY, INC. February 27, 1986. *Negligence,* Manufacturer. *Warranty. Practice, Civil,* Verdict.

1. The plaintiff's hand was crushed when a bag-bundling press he was adjusting was activated by a fellow employee. Although the defendant manufacturer claims there was insufficient evidence to show negligence on its part and also that there was a failure to show that its negligence, if any, was the proximate cause of the plaintiff's injuries, we consider both these arguments to be without merit.

Since there was evidence that a simple guard could have reduced the risk "without undue cost or interference with the performance of the machinery," the jury were warranted in finding the defendant negligent in designing the machine. *Uloth* v. *City Tank Corp.,* 376 Mass. 874, 881 (1978). *Fahey* v. *Rockwell Graphic Syss., Inc.,* 20 Mass. App. Ct. 642, 649 (1985). Accordingly, we need not rehearse any other evidence of negligence and merely point out that in this case no expert testimony was necessary, as the jury could of their own knowledge determine that a design defect existed which exposed users of the machine to an unreasonable risk of injury. See *Smith* v. *Ariens Co.,* 375 Mass. 620, 625 (1978).

The jury were also warranted in finding that, in the environment in which the product was used, the activation of the press by a fellow employee was a foreseeable risk and, hence, not an intervening cause of the plaintiff's injuries.

2. The action was brought in two counts — negligence and breach of warranty. In response to special questions, the jury found the defendant seventy percent negligent and the plaintiff thirty percent negligent. The jury found for the defendant on the breach of warranty count.

The defendant claims that the verdicts on the two counts are inconsistent, citing *Hayes* v. *Ariens Co.,* 391 Mass. 408, 411-412 (1984). While in this case the finding of negligence signifies that there was also a breach of warranty, i.e., that the product was unreasonably dangerous when sold, the defenses to these two actions are not the same. *Correia* v. *Firestone Tire*

& *Rubber Co.,* 388 Mass. 342, 355-357 (1983). *Ferragamo* v. *Massachu-setts Bay Transp. Authy.,* 395 Mass. 581, 592-593 (1985). See also *Hayes* v. *Ariens Co.,* 391 Mass. at 410 n.2; *Fahey* v. *Rockwell Graphic Syss., Inc.,* 20 Mass. App. Ct. at 652; Restatement (Second) of Torts § 402A comment n (1965). As pointed out in *Correia,* 388 Mass. at 351, there is a defense which balances the strict liability of the seller. "[T]he plaintiff in a warranty action . . . may not recover if it is found that, after discovering the product's defect and being made aware of its danger, he nevertheless proceeded unreasonably to make use of the product and was injured by it." *Id.* at 357. Upon the evidence in this case and as charged by the judge, it was open to the jury to find that the plaintiff was barred because of his unreasonable action. That such unreasonable conduct on the part of the plaintiff may in this case also have been found by the jury to be contributory negligence (to the extent of thirty percent) does not eradicate the distinction in the defenses to the two counts.[1] Under the negligence count, the plaintiff is not barred unless his negligence is greater than the negligence of the persons against whom recovery is sought. See G. L. c. 231, § 85.

*Judgment affirmed.*

*Andre A. Sansoucy (Richard L. Neumeier* with him) for the plaintiff.
*James C. Gahan, Jr. (John T. Underhill* with him) for the defendant.

---

[1] In *Correia,* the court, in discussing the defense of unreasonable use of a product by a plaintiff after discovering its defect, suggests that such conduct "alone is the proximate cause of his injuries, as a matter of law." 388 Mass. at 356. Similar language was used in discussing "assumption of the risk," see e.g., *Hietala* v. *Boston & A.R.R.,* 295 Mass. 186, 189-190 (1936), and the discussion in *Correia* merely reflects that unreasonable use which bars an action for breach of warranty, like the doctrine of assumption of risk, rests upon several "familiar common law principles." *Hietala* at 190. We do not take the *Correia* language to mean that a finding of unreasonable use in a warranty count precludes a finding, on a negligence count, that the defenant's negligence was a proximate cause of the plaintiff's injuries.