Doyle, P. J.
This is an action for breach of contract and breach of warranty arising from the allegedly defective quality of exterior house paint manufactured by and purchased from the defendant, Sherwin-Williams Company.
The defendant filed a third-party complaint for indemnification and contribution against third-party defendant Patrick Grady, a licensed professional painter who applied the Sherwin-Williams paint to the plaintiffs’ home. The defendant alleged that any flaking, peeling and cracking of the paint in question was attributable not to any defect in the paint, but to Grady’s negligence in using the product.
Third-party defendant Grady filed a Dist./Mun. Cts. R. Civ. P., Rule 12(b)(6) motion to dismiss Sherwin-Williams’ third-party complaint on the grounds that a defendant who is sued in contract for breach of warranty and not in tort cannot proceed against a third-party for either tort indemnification or tortfeasor contribution pursuant to G. L. C.231B.
The trial court denied Grady’s Rule 12(b)(6) motion to dismiss the third-party complaint. In reporting his interlocutory ruling to this Division pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(d), the trial justice certified that the question so affected the merits of the parties’ controversy that justice required appellate review before further proceedings were conducted in the trial court. Bohlin v. Camille, 1982 Mass. App. Div. 286, 287; Dufresne-Henry v. John R. Murphy Engineering Corp., 1980 Mass. App. Div. 286, 287.
1. Third-party defendant Grady’s Dist./Mun. Cts. R. Civ., Rule 12 (b) (6) motion to dismiss the third-party complaint for failure to state an actionable claim should have been allowed if such pleading revealed “beyond doubt that there is no set of facts which the [third-party] plaintiff could prove in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977); Gallagher v. Roach, 1982 Mass. App. Div. 279, 280. As Sherwin-Williams declined to submit written argument on the question of indemnification and expressly waived its claim for indemnification in oral argument, we view Count I as having been withdrawn by the third-party plaintiff. Viewing Count II for contribution in the light most favorable to Sherwin-Williams, Francis v. Collins, 1985 Mass. App. Div. 172, 174 and cases cited, we conclude *87 that the third-party defendant’s Rule 12 (b) (6) motion to dismiss the third-party complaint should have been allowed.
2. Whether Sherwin-Williams’third-party complaint for contribution stated an actionable claim against Patrick Grady is dependent upon Sherwin-Williams’ right to statutory contribution pursuant to G.L. C.231B. Section 1 of C.231B provides that “where two or more persons become jointly liable in tori for the same injury to person or property, there shall be aright of contribution among them. . . (emphasis supplied).” The right to contribution thus arises only where there is joint liability in tort. James Ferrera & Sons v. Samuels, 21 Mass. App. Ct. 170, 174 (1985). Sherwin-Williams would enjoy such right to contribution only if Sherwin-Williams could be found to be a joint, tortfeasor with third-party defendant Patrick Grady., Whether Sherwin-Williams could be deemed a tortfeasor obviously hinges on whether Sherwin-Williams is potentially liable in tort upon the plaintiffs’ claim for breach of contract and warranty. The dispositive issue on this appeal is, therefore, whether the breach of warranty and contract counts of the plainiffs’ complaint against Sherwin-Williams also sound in tort so as to expose Sherwin-Williams to liability as a tortfeasor.
As a general proposition, it is recognized in this Commonwealth that an action for breach of warranty may be brought in tort as well as in contract. Carolet Corp. v. Garfield, 339 Mass. 75 (1959); Pearl v. Wm. Filene’s Sons Co., 317 Mass. 529, 531 (1945); Schuler v. The Union News Co., 295 Mass. 350, 353 (1936). Breach of warranty claims have frequently been litigated in actions for deceit or misrepresentation, for negligence and for strict liability in tort. A particular warranty action may be cognizable as a tort claim, however, only when necessary elements of a specific cause of action in tort can be inferred from the pleadings. As indicated in the following analysis, the plaintiffs’ complaint against Sherwin-Williams for breach of warranty and contract does not adequately set forth a cause of action in tort on either a negligence or strict liability in tort theory.
3. With respect to the theory of strict liability in tort, Sherwin-Williams relies primarily on Wolfe v. Ford Motor Co., 386 Mass. 95 (1982) wherein the Supreme J udicial Court held that as a claim for breach of warranty of merchantability is in essence a tort claim, the G. L. c.231B, § 1 (a) phrase “liable in tort” “should be read to include tort-like liability for breach of an implied warranty of merchantability under G. L. c.106, §§ 2-314, 2-318....” Id. at 98. See also, Dighton v. Federal Pacific Elec. Co., 399 Mass. 687, 691 n.6 (1987). The genesis of this equation of tort with warranty liability for contribution purposes is a line of products liability cases beginning with Swartz v. General Motors Corp., 375 Mass. 628 (1978) and Back v. Wickes Corp., 375 Mass. 633 (1978) in which the Court stated;
Amendments to the Massachusetts version of the Uniform Commercial Code make clear that the Legislature has transformed warranty liability into a remedy intended to be fully as comprehensive as the strict liability theory of recovery that has been adopted by a great many other jurisdictions... .The Legislature has made the Massachusetts law of warranty congruent in nearly all respects with the principles expressed in Restatement (Second) of Torts, Sec. 402A (1965). For this reason, we find the strict liability cases of other jurisdictions to be a useful supplement to our own warranty case law.. .(emphasis supplied).
Id. at 639-640. See also, Fernandes v. Union Bookbinding Co., 400 Mass. 27 (1987); Mason v. General Motors Corp., 397 Mass. 183, 189 (1986); Rice v. *88 Hanrahan, 20 Mass. App. Ct. 701 (1985). Section 402A(1) of the Restatement of Torts, captioned “Special Liability of Seller of Product for Physical Harm to User or Consumer,” imposes strict liability in tort for physical injuries or property damage upon “one who sells any product in a defective condition unreasonably dangerous to the user or consumer or his property....”
The strict liability cases cited by Sherwin-Williams are clearly inapposite. These actions were instituted to recover damages for personal injuries or wrongful death attributable to products potentially hazardous to the user or consumer. No credible argument has been advanced in this case that exterior house paint is inherently dangerous or unsafe for the “normal uses reasonably to be anticipated at the time of manufacture....” Tibbets v. Ford Motor Co., 4 Mass. App. Ct. 738, 741 (1976). See also, Farley v. Edward E. Tower Co., 271 Mass. 230, 234-235 (1930). Absent the causal operation of an unreasonably dangerous product, no strict liability in tort may be imposed. Killeen v. Harmon Grain Products, Inc., 11 Mass. App. Ct. 20, 23 (1980). Moreover, the rationale in strict liability cases for treating breach of warranty and tort liability as synonymous is that “the duty which the plaintiff sues to enforce in a ‘warranty’ action for personal injuries is one imposed by law as a matter of social policy and not necessarily one which the defendant has acquired by contract.” Back v. Wickes Corp., at 640. The duty imposed by the law of strict liability is “unknown in the law of negligence,” and the focus in any question as to breach of such duty is on “whether the product was defective and unreasonably dangerous and not on the conduct of the user or seller.” Correia v. Firestone Tire & Rubber co., 388 Mass. 342, 355 (1983). The plaintiffs’ complaint against Sherwin-Williams for breach of warranty is also not a suit for personal injuries or property damage wherein recovery on the basis of liability without fault could be justified as a matter of social policy. See Hayes v. Ariens Co., 391 Mass. 407, 414 (1984). Ah examination of the “substantive quality ofthe claim,” Wolfe v. Ford Motor Co., at 100, against Sherwin-Williams indicates that any duty it owed the plaintiffs derived primarily from a contract for the sale of a specific product which did not serve its intended purpose.
4. The plaintiffs’ complaint against Sherwin-Williams also fails to constitute an actionable claim for recovery in simple negligence Products liability cases frequently combine counts for breach of warranty with tort claims for negligence in the design, manufacture or inspection of a product or the negligent failure to warn of dangers connected with product use. Killeen v. Harmon Grain Products, Inc., at 24. An essential element of a negligence cause of action is, however, the allegation and proof of damage.
In the absence of personal injury or physical damage to property, the negligent supplier of defective products is not ordinarily liable in tort to a purchaser for simple pecuniary loss caused by defective or inferior merchandise....
McDonough v. Whalen, 1 Mass. App. Ct. 573, 577 (1973), reversed on other grounds, 365 Mass. 506 (1974). See also, New England Power Co. v. Riley Stoker Corp., 20 Mass. App. Ct. 25, 35 (1985); Marcil v. John Deere Industrial Equip. Co., 9 Mass. App. Ct. 625, 530 (1980). The plaintiffs’ complaint alleges only direct pecuniary or economic loss[2] in the form of “flaking, peeling and cracking” Sherwin-Williams paint and consequential damages logically incident to the cost of repairing or replacing the defective paint. In the absence of any *89 allegation as to personal injury or damage to other property attributable to the defective paint, the plaintiffs’ complaint is not cognizable as an actionable claim in negligence against Sherwin-Williams.
5. We remain cognizant that the G.L. c. 231B, § 1(a) phrase “liable in tort” which defines the statutory right of contribution is “broad in scope and not suitable language for implying a narrow or restricted range of application within the framework of potential tort defendants.” Wolfe v. Ford Motor Co., at 98. A recognition of the liberal construction to be accorded this statute to effectuate the equitable purposes which contribution serves does not, however, permit a complete disregard of statutory requirements. The range of potential tortfeasors may be broad, but it does not include all defendants. Liability for breach of warranty in a products liability case does not always or necessarily entail liability in tort. Hayes v. Ariens Co., at 410.
A dismissal of Sherwin-Williams’ third-party complaint will also not preclude the defendant from proving at trial that Patrick Grady’s negligence, rather than a defect in the paint itself, caused the damage alleged by the plaintiffs. A dismissal of the third-party complaint simply forecloses Sherwin-Williams’ efforts to “tender an additional defendant” to the plaintiffs in violation of Dist./Mun. Cts. R. Civ. P., Rule 14. See Reporters’ Notes.
6. Accordingly, we hold that the plaintiffs’ complaint against Sherwin-Williams does not sound in tort so as to render Sherwin-Williams a potential tortfeasor entitling it to implead Patrick Grady for statutory contribution. Sherwin-Williams’ third-party complaint for contribution fails, therefore, to state a cause of action for which relief can be granted.
The court’s denial of the third-party defendant’s Rule 12(b)(6) motion .to dismiss the third-party complaint is vacated. Given the legal inadequacy of Count II for contribution, and Sherwin-Williams’ waiver of Count I for indemnification, the third-party complaint is hereby dismissed in its entirety.

So ordered.

“Economic loss” 'is defined to include “damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits without any claim of personal injury or damage to other property....” Marcil v. John Deere Industrial Equip. Co., at 630 n.3.