Forte, J.
This is an action in tort for damages for personal injury (Michael), consequential damages for medical expenses (Michael’s father) and for emotional distress (Michael’s mother Susan and father) against K-Mart in providing/maintaining an unsafe shopping cart and against Tote Cart Co. for improper design/manufacture of a shopping cart, as well as breach of warranty.
The judge allowed the defendants’ motion for summary judgment after examining affidavits, depositions and the pleadings including answers to interrogatories.
The facts most favorable to the plaintiffs contained in the report indicate Susan and her two younger sisters, Sherry and Jill, went to K-Mart with Michael, who was then two years old and weighed about twenty-five pounds. *88 Jill, four feet, eight inches tall and weighing about one hundred and nine pounds, selected a shopping cart which was “the same as all the rest, nothing unusual about it,” in which to seat Michael, which she did by placing him in the fold-down seat, facing the rear. While Jill was pushing the shopping cart forward, with both hands on the bar, the cart suddenly tipped over backwards towards her, injuring Michael. Jill claims that at the time of the accident, Michael was seated fully against the back of the seat and made no unusual movements. Further, Jill claims there was no change in the floor level, that the floor was not slippery, and that she did not slip. There was no other evidence presented to the judge to controvert the above facts.
The plaintiffs’ amended complaint alleges the child’s seat collapsed. However, none of the plaintiffs’ interrogatory answers or depositions offer any evidence of such occurrence. Apparently from their expert’s opinion they are now relying upon improper location of the center of gravity, [child’s mother’s answers to interrogatories alleges cart unsafe “because the weight of the child was not centered over the wheels.” (Int. #10)]
The defendants presented an affidavit from a qualified expert who after examining and testing the shopping cart in question and calculating the center of gravity gave the opinion the cart was stable and would not tip backwards. He further opined that in order for the cart to tip the way Jill described, the cart would have to be tipped 2214° backwards before the cart would become unstable. It was his further opinion that by design the cart was inherently stable.
The question now addressed is whether the plaintiff is required to come forth with its expert or whether they may rely on the common knowledge of a fact-finder. Expert testimony to sustain the allegation of design defect is not required when “a jury can find of their own lay knowledge that there exists a design defect which exposes users of a product to unreasonable risks of injury.. ..” Smith v. Arienes Co., 375 Mass. 620, 625 (1978) citing deCanto v. Ametek, Inc., 367 Mass. 776, 782 (1975) (commercial ironer’s overtravel pulled worker’s hand into iron). Other examples where an expert was not required are: Smith v.Ariens Co., supra, (unshielded metal protrusions on handblebar of snowmobile creating an unreasonable risk of harm), Richard v. American Manufacturing Co., 21 Mass. App. Ct. 967 (1986) (hand crushed in bag-bundling press where simple guard could have reduced risk of harm).
Cases holding expert testimony was required are: Geofredo v. Mercedes-Benz Truck Co., 402 Mass. 87 (1988) (door latch mechanism failed to hold door closed, expert as to amount of force required to open door); Gynan v. Jeep Corp., 13 Mass. App. Ct. 504 (1982) (placement of headlights and illumination therefrom matter for expert testimony as well as lack of conformity to industrial standards); Wiska v. Stanislaus Social Club, Inc., 7 Mass. App. Ct. 813 (1978) (expert necessary to adduce whether a design defect existed in motor vehicle windshield! .
We hold that the determination of the location of the center of gravity of a shopping cart with nothing unusual about it is beyond the jury’s lay knowledge, and expert testimony is required to sustain the allegation of improper design.
With the presentment of the defendants’ expert’s affidavit above referred to indicating no design defect, the burden shifted to the plaintiffs to set forth a contrary expert opinion showing there is a genuine triable issue, Community National Bank v. Dawes, 369 Mass. 550 (1976), an opinion that would be admissible. Dist./Mun. Cts. R. Civ. P., Rule 56 (e). “An opposing party may not *89 rely upon his pleadings or bold conclusions.” U.S. Trust v. Herriott, 10 Mass. App. Ct. 313, 318 (1980).
Dist./Mun. Cts. R. Civ. P., Rule 56 (e) states in part “opposing affidavits shall be made of personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant- is competent to testify to the matters stated therein. ...”
The plaintiffs by affidavit did present a qualified expert who also examined the cart. His opinion is that the accident was probably caused by improper design in that the rear wheels were placed too far forward based upon the following assumptions as contained in his report attached to his affidavit:
1. Over seventy-two pounds downward on the handlebars was required to tip the shopping cart backwards.
2. Seventeen pounds pressure backward (decelerating force) was required to tip the shopping cart backwards.
3. If the child was leaning backward (toward the front of the cart), this would have increased the cart’s stability.
4. A young girl maneuvering the cart would be expected to pull down and rearward when decelerating the cart because of her short stature.
5. Children tend more or less to hang from the cart handlebars.
6. The resultant force applied to the handlebar by the young girl would be expected to have consisted of part of her weight force plus a force applied to decelerate the cart.
7. The net overturning force probably was composed of the weight force of Michael located behind the rear wheels plus a force applied by the young girl to decelerate the cart.
8. Dynamic effects may have caused a surge in force levels which initiated the tipping.
There was no evidence before the court by affidavit or otherwise that would permit the assumptions relied upon by the plaintiffs’ expert that are underlined above. In fact, the only evidence before the district court was contrary, to wit:
1. Jill was pushing the cart forward
2. Jill did not have her weight on the handlebar
3. Michael was sitting back in his seat
4. Jill was 4 feet, 8 or 9 inches tall
5. The handlebar was 3714 inches or 38 inches above the floor.
Opinions based upon assumptions not in evidence or upon misstatements of fact are improper and inadmissible. State Board of Retirement v. Contributory Retirement Appeals Board, 342 Mass. 58 (1961); Roddy v. Fleischman Distilling Sales Corp., 360 Mass. 623 (1971); Buck’s Case, 342 Mass. 766 (1961).
Therefore, the offered opinion of the plaintiffs’ expert based upon facts not only not before the motion judge but contrary to the facts presented was improper and would not be admissible. Without an admissible expert opinion on the issue of improper design, the plaintiffs left the defendants’ affidavit uncontroverted.
Furthermore, the expert’s opinion as expressed in No. 8 above is a possibility and not a probability. “Expert opinion based upon possibilities does not satisfy the plaintiff’s burden of proof.” Geoffredo v. Mercedes-Benz (supra).
Therefore, the plaintiffs have not satisfied their burden as described in Community National Bank v. Dawes, supra, and for substantive reasons, the report should be dismissed.
*90 It should also be noted that for procedural reasons the report should be dismissed. The trial judge did not settle and sign the report until over six months after the draft report was filed.[5] Dist./Mun. Ct. R. Civ. P., Rule 64(c) (6) states in part: “If final action by the trialjudge upon any draft report.. . is not taken within three months after filing thereof, and no petition for establishment of a report has been filed, the cause shall proceed as though no request for a report has been made, unless the appellate division for cause shown shall allow further time.. ..” No petition to establish has been filed and no request for additional time has been made to this appellate division.
Report dismissed.

 From the docket it appears the clerk-magistrate failed to send notice of this rule to the parties at least fourteen days before the expiration of three months after the draft report filing. Dist./Mun. Cts. R. Civ. P., Rule 64 (c) (6).