GILBERTO MALDONADO *vs.* THOMSON NATIONAL PRESS COMPANY. June 1, 1983. *Negligence,* Manufacturer, Duty to warn. *Evidence,* Evidence binding a party.

Upon special questions, a jury found that the defendant Thomson National Press Company (Thomson) had not been negligent in the design (in 1926) and retrofitting (in 1937) of the platen cutting and creasing press in which the plaintiff hurt his hand. The jury did find, however, that Thomson had negligently failed "adequately [to] warn the potential users of the press of its characteristics and the risks associated with its use." Finding further that the failure to warn was a proximate cause of the plaintiff's injury, the jury assessed damages of $285,000. Judgment was entered for the plaintiff in the amount of $185,250, reflecting the jury's finding that the plaintiff's comparative negligence, expressed in percentage terms, was thirty-five percent of the whole.[1] The appeal is from denials of motions for judgment notwithstanding the verdict and for a new trial.

The injuries to the plaintiff's right hand occurred as he attempted to clear a jam (a sticking of stock on the guides of the moveable platen of the press), and the platen closed on his hand against the stationary frame with forty to fifty tons of force. On the press, facing the operator, was a bright yellow card on which was printed in large letters: "WARNING, STOP MACHINE BEFORE CLEARING JAMS OR REPAIRING." On cross-examination, the plaintiff acknowledged the presence of the warning sign and that he understood that when something got caught in the machine, he was to shut off the press before removing the impaled material. The plaintiff also testified as follows:

"Q: When the cardboard would not seat correctly on the die and you'd get a bad cut and it would stick up against the die, that was a jam, wasn't it?
A: Yes, sir.
Q: And you knew that if you put your hand in this machine when it closed and your hand was in there, you were going to be seriously injured?
A: Oh, yes, sir."

---

[1] The jury also found that the defendant was not negligent in failing to issue warnings about the manner in which chaseless dies were used.

.    .    .

"Q: You didn't need a warning sign to tell you that?
A: Right, I don't need it.
Q: You knew you were doing something you weren't supposed to do, didn't you?
A: What can I say? Probably."

.    .    .

"Q: But, notwithstanding that, you didn't shut the machine off before you tried to get it out, did you?
A: No, sir. I was going to stop it.
Q: Wait, You didn't do that?
A: Right.
Q: You were doing something that you were told not to do, isn't that true?
A: Yes, sir."

The plaintiff was bound by his testimony as to his knowledge. *McFaden* v. *Nordblom,* 307 Mass. 574, 575 (1940). *Hannon* v. *Hayes-Bickford Lunch Sys.,* 336 Mass. 268, 273 (1957). *Findlay* v. *Rubin Glass & Mirror Co.,* 350 Mass. 169, 172 (1966).

In view of the warning sign on the press, the obvious peril of placing a hand into a fast-moving press, the plaintiff's admission that he was aware of that hazard, and his understanding of the steps he was to take to avert injury, we think the jury lacked any basis in the evidence from which they might reasonably infer that any additional warning by the defendant would have so further alerted the plaintiff as to avoid the accident. See *Poirier* v. *Plymouth,* 374 Mass. 206, 212 (1978); *Abraham* v. *Woburn,* 383 Mass. 724, 727-728 (1981); *O'Shaughnessy* v. *Besse,* 7 Mass. App. Ct. 727, 728-729 (1979); Smith & Zobel, Rules Practice § 50.6 at 203 (1977). A manufacturer's duty to warn purchasers and expected users of its product refers to latent dangers in the normal and intended use of the product. *Farley* v. *Edward E. Tower Co.,* 271 Mass. 230, 233-234 (1930). *Schaeffer* v. *General Motors Corp.,* 372 Mass. 171, 173-174 (1977). *Wolfe* v. *Ford Motor Co.,* 6 Mass. App. Ct. 346, 349-350 (1978). *Fiorentino* v. *A.E. Staley Mfg. Co.,* 11 Mass. App. Ct. 428, 433-435 (1981). That duty "is not imposed by law as a mindless ritual." *Killeen* v. *Harmon Grain Prod., Inc.,* 11 Mass. App. Ct. 20, 24 (1980). The duty to warn assumes some reason to suppose a warning is needed, *Carney* v. *Bereault,* 348 Mass. 502, 506 (1965); *Haley* v. *Allied Chem. Corp.,* 353 Mass. 325, 330 (1967); *McNeill* v. *American Cyanamid Co.,* 3 Mass. App. Ct. 738 (1975), and, therefore, has application in the context of dangers which are concealed or less than obvious. *Carlson* v. *American Safety Equip.*

*Corp.*, 528 F.2d 384, 387 (1st Cir. 1976). It may be supposed, for example, that the person who wields an ax does not require a warning that he should avoid bringing the ax down on his foot and that, should he do so, the consequences will be unpleasant. See *Jamieson* v. *Woodward & Lothrop*, 247 F.2d 23, 25-33 (D.C. Cir.), cert. denied, 355 U.S. 855 (1957), which discusses extensively examples of obvious danger; Prosser, Torts § 96, at 649 (4th ed. 1971). Contrast *Uloth* v. *City Tank Corp.*, 376 Mass. 874, 881 (1978), and *Hayes* v. *Hobart Corp.*, 7 Mass. App. Ct. 889 (1979), where the danger was obvious but the cases turned on negligent failure of the manufacturer to design safer machinery. When as here "a dangerous condition is fully obvious and generally appreciated nothing of value is added by a warning." 2 Harper & James, Torts § 28.7, at 1547 (1956). See *Fiorentino* v. *A.E. Staley Mfg. Co.*, 11 Mass. App. Ct. at 436. Restatement (Second) of Torts § 388(b) comment k (1965).

The judgment is reversed, and a new judgment is to be entered dismissing the action.

*So ordered.*

*Thomas D. Burns* (*Patrick T. Jones* with him) for the defendant.

*Cynthia J. Cohen* (*Leo V. Boyle & Andre A. Sansoucy* with her) for the plaintiff.