TIMOTHY S. BELL *vs.* WYSONG & MILES COMPANY & another.[1] No. 87-870. December 9, 1988. *Negligence*, Manufacturer, Duty to warn. *Evidence*, Evidence binding a party.

On October 27, 1981, the plaintiff, Timothy S. Bell, was employed by Space Age Electronics, Inc. (Space Age). While operating a press brake,

---

[1] B. D. Brooks Company, Inc.

he crushed the fingers of both hands in the machine, resulting in partial amputation of eight fingers. The manufacturer of the press brake was Wysong & Miles Company (Wysong). B. D. Brooks Company, Inc. (Brooks), a machine distributor, had sold the press brake in question to Space Age. Subsequently, the plaintiff brought a complaint in the Superior Court against Wysong and Brooks. He claimed that Wysong was negligent in its design and manufacture of the press brake. The complaint also alleged that Wysong and Brooks were negligent in failing to warn of the dangers of the machine.[2]

During the jury trial, both Wysong and Brooks moved for directed verdicts at the close of the plaintiff's case and again at the close of all the evidence. The motions were denied. At the conclusion of the trial, the judge submitted special questions to the jury under Mass.R.Civ.P. 49(a), 365 Mass. 812 (1974). In its answers to the questions, the jury found Wysong twenty-four percent and Brooks fifty-five percent negligent because they failed to warn of the dangers of the press brake and that the negligence of both parties was a proximate cause of the plaintiff's injuries. They also awarded the plaintiff the sum of $650,000. The jury found that Wysong was not negligent as to the design and manufacture of the press brake. Both defendants filed motions for judgment notwithstanding the verdicts. The judge denied Wysong's motion and allowed Brooks's motion in part (see note 2). On appeal, both defendants contend that their motions should have been allowed.

The evidence disclosed that the press brake was designed to compress or change the shape of metal objects. In order to accomplish that task, various dies were selected and inserted by the operator of the machine. The upper portion of a die set was attached to a moveable ram, the lower portion to the press brake bed. The machine was operated from its front by an operator using a foot pedal. When the operator depressed the pedal, a clutch was engaged causing the moveable ram to descend and bend whatever metal had been placed on the press brake bed. If the operator released the foot pedal at any time during the cycle, the ram would stop moving.

Warning signs were printed in bold black, white and red colors on both the front and back of the machine. The relevant text of the signs was as follows:

"SUPERVISOR, MAKE SURE THAT THE OPERATOR UNDER-
STANDS THE FOLLOWING:

___

[2] The complaint also contained counts against Wysong and Brooks claiming that they committed breaches of warranties. The jury found in favor of Wysong but against Brooks on the warranty counts. The judge allowed Brooks' motion for judgment notwithstanding the verdict on the warranty count. There was no error.

## WARNING

### TO PREVENT SERIOUS BODILY INJURY

**NEVER** PLACE ANY PART OF YOUR BODY AT THE POINT OF OPERATION (UNDER THE RAM OR WITHIN THE DIE AREA)
. . . ."[3]

The plaintiff came to work at Space Age in March, 1981. In October, some two weeks before the accident, he was assigned to operate the press brake. He had been instructed on how to operate that type of machine by his high school teacher. On the day of the accident, the plaintiff was using the machine in an attempt to bend a piece of metal. He held the metal under the ram, his fingers underneath the metal. He pressed the foot pedal, the ram descended onto the metal and crushed his fingers.

The defendants argue that their motions for directed verdicts and judgment notwithstanding the verdicts should have been allowed because there was no duty to warn the plaintiff when he knew of the dangers of the machine and had warnings which were adequate as matter of law.

"A duty to warn is not imposed by law as a mindless ritual." *Killeen* v. *Harmon Grain Prod., Inc.*, 11 Mass. App. Ct. 20, 24 (1980). "[W]here the danger presented by a given product is obvious, no duty to warn may be required because a warning will not reduce the likelihood of injury." *Colter* v. *Barber-Greene Co.*, 403 Mass. 50, 59 (1988). *Uloth* v. *City Tank Corp.*, 376 Mass. 874, 880 (1978). *Maldonado* v. *Thomson Natl. Press Co.*, 16 Mass. App. Ct. 911, 912 (1983). Here, the plaintiff testified that he knew that he should not put any part of his body under the ram or in the die area. He stated that it was obvious to him that if a person placed any part of his body between the moveable ram and the press brake bed, and the foot pedal was pressed, that person would be injured. That testimony is binding on the plaintiff. *McFaden* v. *Nordblom*, 307 Mass. 574, 575 (1940). *Maldonado* v. *Thomson Natl. Press Co.*, *supra*. "When as here 'a dangerous condition is fully obvious and generally appreciated nothing of value is added by a warning.'" *Maldonado* v. *Thomson Natl. Press Co.*, *supra* at 913, quoting from 2 Harper and James, Torts § 28.7 at 1547 (1956). In these circumstances, there was no duty on the defendants to warn of the dangers of the machine.

Moreover, even if Wysong and Brooks had a duty to warn of the dangers of the machine, the warnings given here were legally adequate. The plaintiff testified that he saw the warnings when he first saw the machine. He was aware of the contents of the warnings. The warnings clearly called attention to the dangers to be avoided. The plaintiff stated that he was aware that he should not put his hands underneath the ram or in the die area at the time

---

[3] In addition, both the instruction and safety manuals contained warnings against placing any part of the body under the ram or in the die area.

that the pedal was pressed. There was no evidence that an additional or different warning would have so alerted the plaintiff that the accident would not have occurred. Further, there was no evidence that Brooks had taken on some additional or higher duty to warn of the dangers of the machine.[4]

The judgments against Wysong and Brooks are reversed, and new judgments are to enter dismissing the action.

*So ordered.*

*John A. Wickstrom (Timothy P. Wickstrom with him)* for Wysong & Miles Company.
*Erik Lund (Steven S. Broadley with him)* for B. D. Brooks Company, Inc.
*Frank S. Puccio, Jr.,* for the plaintiff.
*John J. Cogavin* for Space Age Electronics, Inc.

---

[4] The defendants also argue that their motions should also have been allowed on the ground that, if there was a duty to warn on their part, the plaintiff did not show that the failure to warn was the proximate cause of his injuries. Because we find for the defendants on other grounds, we do not reach that claim or other issues that they raise.

