JOHN MORRELL *v.* PRECISE ENGINEERING, INC. No. 92-P-963. March 14, 1994. *Negligence*, Scaffolding, Design, Manufacturer, Duty to warn.

While painting a house, the plaintiff toppled thirty feet to the ground when scaffolding he had attached to the roof collapsed. As a result of the fall, he sustained a compression fracture of several vertebrae and a broken wrist. Several days before starting the job, the plaintiff had purchased two metal triangular-shaped brackets from Webber Lumber and Supply, Inc. (Webber), a retailer of building products. The manufacturer of the brackets was the defendant, Precise Engineering, Inc. (Precise).[1] Two theories of negligence were set out in the complaint against Precise. The first was a claim that Precise was negligent in its design of the roof brackets and the other was a claim that Precise was negligent in failing to provide adequate instructions or warnings as to proper use.

Following discovery, a Superior Court judge allowed Precise's motion for summary judgment on both counts. The judge explained his reasoning

---

[1] Initially, on July 12, 1989, the plaintiff brought a tort action in Superior Court against Webber and another corporation mistakenly thought to be the manufacturer. The complaint contained counts against Webber claiming breach of warranty. On January 14, 1991, the plaintiff reached a settlement of these claims, and the court permitted a separate entry of judgment pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 821 (1974). Precise was joined as a defendant on June 27, 1990.

in a memorandum accompanying his decision and order. The plaintiff appeals and we affirm.

1. *Defective design.* The plaintiff claims that the brackets were negligently designed because they were fashioned with round slots rather than narrow eyelets through which nails were to be driven to fix them to the roof. No expert testimony or affidavit was submitted by the plaintiff in support of his theory. The plaintiff has the burden in design defect cases to show that the manufacturer failed to exercise reasonable care to eliminate avoidable or foreseeable dangers to the user of the product. *Uloth* v. *City Tank Corp.*, 376 Mass. 874, 880-881 (1978). There is no duty on the part of the manufacturer to design a product that is risk free or risk proof; nor does the manufacturer have a duty to guard against dangers which are only remotely possible or highly speculative. *Back* v. *Wickes Corp.*, 375 Mass. 633, 640-641 (1978). A product with a design defect is not reasonably fit for the ordinary purpose for which such products are used. The test for whether the product is defective is one of reasonableness rather than one of perfection. *Smith* v. *Ariens Co.*, 375 Mass. 620, 624 (1978). Of course, expert opinion is not always necessary to establish liability. In *Smith* v. *Ariens Co., supra* at 625, the court stated that "in cases which a jury can find of their own lay knowledge that there exists a design defect which exposes users of the product to unreasonable risk of injury, expert testimony that a product is negligently designed is not required." However, in the case at bar, nothing contained in the plaintiff's materials (depositions or affidavits) would permit a jury to find of its own knowledge that the shape of the holes in the brackets created a foreseeable risk that the heads of the nails would pull out and cause the scaffold to collapse.

2. *Failure to warn.* The plaintiff's theory, as articulated in his complaint, is that the defendant was negligent in not providing instructions about how to mount the brackets to the roof. In his deposition, the plaintiff testified that he was aware of the dangers in not hammering nails into each of the three slots of the brackets to safely secure them to the roof. Under further examination, he admitted that when he used the scaffolding for the first time on the job, he knew that he was in a dangerous position because the cross-plank on which he stood was not nailed to the brackets. It is well established by our cases that a manufacturer has no duty to warn a plaintiff who is fully aware of the risks posed by the product. *Colter* v. *Barber-Greene Co.*, 403 Mass. 50, 59 (1988) ("where the danger presented by a given product is obvious, no duty to warn [exists] because a warning will not reduce the likelihood of injury"); *Maldonado* v. *Thomson Natl. Press Co.*, 16 Mass. App. Ct. 911, 912-913 (1983).

For example, in *Colter, supra,* the plaintiff admitted that he knew that it was dangerous to grease the gears while operating a twin screw sand classifier machine. In those circumstances, the court held that a warning would not have reduced the likelihood of injury, so that the defendant, as a matter of law, had no duty to warn of the dangers. In another case, an

acknowledgment by the plaintiff that he knew he should not place any part of his body under the descending ram of a press brake machine, and that it was obvious to him that injury would result from doing so, was held binding on the plaintiff and negated any duty to warn. *Bell* v. *Wysong & Miles Co.*, 26 Mass. App. Ct. 1011, 1013 (1988).

Even if a duty to warn arose in the instant case, the motion judge found, and we agree, that the plaintiff's deposition testimony fails to establish a factual basis linking his fall to any negligent failure to warn. Rather, the record discloses that the plaintiff could not attribute his accident to any particular factor. The plaintiff's deposition makes it altogether plain that he misused the brackets by utilizing only a single nail in each bracket to fix it to the roof and that he failed to secure the cross-plank. In spite of these admissions, he submitted an affidavit (filed nearly fifteen months after his deposition testimony) in which he stated that he had no reason to believe that the brackets or the plank would not hold. Another part of his affidavit, which the judge disregarded for purposes of the summary judgment motion as not within the plaintiff's "competence," see *Daffoli* v. *Hale Hosp.*, 400 Mass. 175, 178 (1987), attributed the collapse of the scaffolding to the brackets pulling away from the roof board. The plaintiff's affidavit is not some sort of wand that can wave away the damage to his claim contained in testimony previously given at the deposition hearing. The case stands like *O'Brien* v. *Analog Devices, Inc.*, 34 Mass. App. Ct. 905, 906 (1993), where we said that "a party cannot create a disputed issue of fact by the expedient of contradicting by affidavit statements previously made under oath at a deposition."

On the undisputed material facts, the motion judge correctly allowed Precise's motion for summary judgment.

*Judgment affirmed.*

*David LiBassi* for the plaintiff.
*Brian P. Voke* for the defendant.