Barrett, J.
The plaintiffs, Vicki Feliciano and her daughter Myriam, bring this action against the defendants for negligence, breach of warranty of merchantability, and violation of G.L.c. 93A. The defendants, Andersen Corp. (Andersen), J and C Adams (JC Adams), David A. Bennett, and the Metropolitan Boston Housing Partnership, Inc. (Metropolitan), move for summary judgment. For the reasons set forth below, the defendants’ motions for summary judgment are ALLOWED in part and DENIED in part.
BACKGROUND
On February 18, 1992, the four year-old plaintiff, Myriam Feliciano, fell out of an open second-story window at 56 Woodlawn Drive, Everett, Massachusetts (the premises). At that time, there was a window screen covering the open window.
Nichols Home Shield manufactured the screen in question and Andersen distributed it.[3] JC Adams sold the screen to Bennett, the landlord. Additionally, Metropolitan inspected the apartment before the plaintiffs moved onto the premises.
DISCUSSION
Summary judgment is granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). In the case before us, the court allows the defendants’ motion for summary judgment in part where there is no genuine issue of material fact, but denies the motion in part where there are genuine issues of material fact that remain to be tried.
I. Negligence Claims in Products Liability against Andersen
Establishing a claim for negligence in a products liability case requires the plaintiffs to show either that the defendant did not exercise reasonable care in the design of the product or that the defendant did not use reasonable care in warning potential users of dangers involved in the product’s use. Schaeffer v. General Motors Corp., 372 Mass. 171, 173 (1977); see Hayes v. Ariens Co., 391 Mass. 407, 410 (1984).
A. Negligent Design — Counts II, VI
A manufacturer has a duty to design a product with reasonable care in order to eliminate avoidable dangers. Uloth v. City Tank Corp., 376 Mass. 874, 878 *316 (1978). Designing a product that functions as intended, even if warnings are included or the dangers involved are obvious, does not necessarily preclude a finding of design negligence. Fahey v. Rockwell Graphic Systems, Inc., 20 Mass.App.Ct. 642, 648 (1985). Exercising reasonable care necessitates a manufacturer to anticipate the environment in which its product is to be used and to design against any foreseeable risks arising out of the product’s use in that environment. Back v. Wickes Corp., 375 Mass. 633, 640-41 (1978). Injuries arising out of remote and unforeseeable risks do not impose liability on a manufacturer. doCanto v. Ametek, Inc., 367 Mass. 776, 783 (1975); Tibbetts v. Ford Motor Co., 4 Mass.App.Ct. 738, 740 (1976). A manufacturer has no duty to make a risk-free product. Back, 375 Mass. at 640; Morrell v. Precise Engineering, Inc., 36 Mass.App.Ct. 935, 936 (1994). Factors used to evaluate the adequacy of a product’s design include “the gravity of the danger posed by the challenged design, the likelihood such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design, and the adverse consequences to the product and to the consumer that would result from an alternative design.” Back, 375 Mass, at 642, quoting Barker v. Lull Eng’r Co., 20 Cal. 3d. 413, 431 (1978). See also Bernier v. Boston Edison Co., 380 Mass. 372, 382 (1978) (balancing gravity of danger with available improvements that could be obtained through relatively minor and convenient alterations); Fahey, 20 Mass.App.Ct. at 649 (balancing gravity of danger with availability of alternative location for safety device at minimal cost and disadvantage).
The defendant Andersen argues that its window screens are intended to keep out insects. Andersen additionally argues that its window screens conform to national and state building codes that mandate that screens be easily removable. Furthermore, Andersen contends that the alleged injuries suffered by the plaintiffs arose out of an unintended use of the window screen, and therefore, Andersen has no liability. Conversely, the plaintiffs insist that a purpose of window screens is to keep children from falling out ofwindows.
The purpose of a window screen is not to keep children from falling out of windows. Chelefou v. Springfield Inst. for Savings, 297 Mass. 236, 241 (1937). A window screen need only be as “tight fitting as [necessary] to prevent the entrance of insects and rodents around the perimeter.” 105 Code Mass. Reg. §410.551 (1986). Thus, Andersen correctly states the intended use of a window screen and has designed its window screens accordingly. However, the mere fact that Andersen has designed a window screen that functions as intended does not necessarily mean that Andersen has exercised reasonable care.
The gravity of the danger here — a child falling out of a window and potentially suffering serious injuries or even death — is a serious one. Weighing this factor against the other competing factors used in a design negligence evaluation will determine the adequacy of Andersen’s product design. However, the plaintiffs fail to offer any evidence showing “the mechanical feasibility of a safer alternative design, the financial cost of an improved design, and the adverse consequences to the product and to the consumer that would result from an alternative design." Back, 375 Mass. at 642. In the absence of an alternative design that would not substantially interfere with the function of the screen, this court concludes that reasonable care does not require Andersen to do more than what it has already done. Andersen has no duty to create a window screen that prevents all dangers. Furthermore, Andersen’s compliance with the Massachusetts Building Codes’ requirements for emergency egress lends weight to its argument that its screens are not defectively designed. The court must allow Andersen’s motion for summary judgment on the design negligence counts because the plaintiffs have failed to meet its burden of showing a feasible alternative design.
B. Duty to Warn — Counts I, V
The plaintiffs also argue that Andersen had a duty to warn of the dangers involved in the use of the window screen. The plaintiffs allege that a breach of this duty constitutes negligence. Andersen denies that such a duty exists in this case.
A manufacturer has a duty to warn a foreseeable user of known or reasonably foreseeable hazards that are involved in the product’s use. Mitchell v. Sky Climber, Inc., 396 Mass. 629, 631 (1986); Schaeffer, 372 Mass, at 173-74; H. P. Hood & Sons v. Ford Motor Co., 370 Mass. 69, 75 (1976). This duty includes both necessary instructions for use and warnings of dangers arising out of the product’s use. Schaeffer, 372 Mass. at 173-74. A duty to warn is only applicable where a reasonable user would not know of the inherent danger in the product. See Maldonado v. Thomson Nat’l Press Co., 16 Mass.App.Ct. 911, 912 (1983). Therefore, obvious dangers do not require warning.[4] Id.; Killeen v. Harmon Grain Products, Inc., 11 Mass.App.Ct. 20, 24 (1980). Furthermore, when a warning does not increase the user’s appreciation of the danger, a warning is not necessary. See Maldonado, 16 Mass.App.Ct. at 912 (finding additional warning unnecessary when plaintiff already aware of danger); Killeen, 11 Mass.App.Ct. at 24 (finding warning unnecessary when inherent dangers obvious to nearly all).
Whether a duty to warn exists here depends on whether the danger involved is of the type that necessitates a warning. Some dangers, such as fire, water, and great heights, can be appreciated even by children, and therefore, do not need a warning. Phachansiri v. Lowell, 35 Mass.App.Ct. 576, 579 (1993). However, the danger involved in a child leaning on a screen of an open window may not be so obvious. It is questionable as to whether either plaintiff could *317 have appreciated the danger involved with the screened open window. A genuine issue of material fact exists as to whether the danger was so obvious as to obviate the need for a warning. Hence, the plaintiffs’ claims against Andersen for failing to warn survive this motion for summary judgment.
II.Negligence Claims against JC Adams — Counts IX, XI
The plaintiffs allege that JC Adams negligently inspected, marketed, promoted, advertised, sold, and distributed the screen in question. The plaintiffs further contend that JC Adams negligently failed to either warn or instruct the plaintiffs regarding the dangers involved in the use of the window screen.
“A seller of a product manufactured by another party is not liable in an action for negligence, unless it knew or had reason to know of the dangerous condition that caused the accident.” Enrich v. Windmere Corp., 416 Mass. 83, 86 (1993); Fernandes v. Union Bookbinding Co.; Ionics, Inc., 400 Mass. 27, 32-33 (1987). The court in Enrich, 416 Mass. at 86-87, did not impose liability on the defendant who was only a distributor of the product and not the manufacturer. Furthermore, that court did not find any evidence showing that the defendant knew or had reason to know of any potential defects in the fan. Id. See also Fernandes, 400 Mass. at 32-33 (finding no liability where defendant had no actual possession of product and limited experience with product). However, in Everett v. Bucky Warren, Inc., 376 Mass. 280, 287-88 (1978), the Supreme Judicial Court held the defendant up to a higher standard of care and level of knowledge than an average person. That court found that this defendant was one with “substantial experience.” Id.
Nothing in the record shows that JC Adams knew or had reason to know of any foreseeable dangers in the product’s use. As a seller of the screen with limited knowledge about the product, JC Adams is more analogous to the defendant in Enrich than the supplier in Everett. Therefore, the court concludes that JC Adams is not negligent. Additionally, the court grants JC Adams’ motion for summary judgment on the negligence counts because the plaintiffs do not present any evidence that establish a genuine issue of material fact.
III.Claims for Warranty of Merchantability against Andersen and JC Adams — Counts III, VII, X, XII
The plaintiffs allege that the defendants Andersen and JC Adams have breached their warranties of merchantability.[5] Sellers of goods warrant that their goods are “fit for the ordinary purpose for which such goods are used.” G.L.c. 106 §2-314(2)(c) (1992 ed.); Back, 375 Mass. at 640. “Ordinary purpose” includes the product’s intended and foreseeable uses. Back, 375 Mass, at 640. A determination of whether the product is fit for its ordinary purpose, and therefore, meets the requirements of merchantability, necessitates a balancing of factors similar to those used to determine negligence in products liability. Id. at 642; Fahey, 20 Mass.App.Ct. at 651. These factors include “the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design, and the adverse consequences to the product and to the consumer that would result from an alternative design.” Id. Moreover, “even if a product is properly designed, ... it is not fit for the purposes for which such goods are used, if foreseeable users are not adequately warned of dangers associated with its use.” Hayes, 391 Mass. at 413. A finding that there is no breach of warranty signifies that the product has not only been properly designed but also that adequate warnings have been given. Hayes, 391 Mass. at 413.
Unlike negligence claims in products liability, the focus of a breach of warranty claim is on the product itself and not on the conduct of the defendant. Back, 375 Mass. at 642. Therefore, “a defendant in this Commonwealth may be found to have breached its warranty of merchantability without having been found negligent.” Hayes, 391 Mass. at 410.
As the focus of breach of warranty claims is whether the product is fit for its uses, regardless of the identity of the defendants, all of the plaintiffs’ breach of warranty claims against the different defendants fail or survive together. Here, the relevant inquiry is whether the screen was properly designed and whether it carried sufficient warnings.
After weighing the necessary factors in the context of the Rule 56 materials before the court, this court concludes that the window screen was properly designed. However, a breach of warranty of merchantability may still exist if no adequate warnings of the dangers involved in the screen’s use accompanied the screen. A genuine issue of material fact exists as to whether the danger posed by the window screen in this case necessitates a warning. Accordingly, the defendants’ motion for summary judgment must be denied.
IV.Claims for a Violation of G.L.c. 93A against Andersen Counts IV, VIII
The plaintiffs contend that Andersen violated G. L. c. 93A (1992 ed.). The relevant section of the statute states that “unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful.” G.L.c. 93A §2. Breaches of implied and express warranties are violations of the statute. Maillet v. ATF-Davidson Co., 407 Mass. 185, 189 (1990); Alcan Aluminum Corp. v. Carlton Aluminum of New England, Inc., 35 Mass.App.Ct. 161, 169 (1993). A defendant’s negligence in a products liability case also amounts to a violation of G.L.c. 93A §2. Maillet, 407 Mass. at 189.
*318 Finding a violation of G.L.c. 93A here depends on whether Andersen was negligent or breached its warranty of merchantability. Thus, as a genuine issue of material fact remains as to whether Andersen was negligent or breached its warranty of merchantability, the plaintiffs’ claims against Andersen for a violation of G.L.c. 93A survive this motion for summary judgment.
V.Claims of Negligence against the Owner — Counts XIII, XIV
The plaintiffs also allege that the owner of the premises was negligent in the care, repair, and installation of the window screen in question.[6] A landlord has a duty to exercise reasonable care to tenants in not subjecting them to unreasonable risk of harm. Young v. Garwacki, 380 Mass. 162, 169 (1980) (quoting and adopting Sargent v. Ross, 308 A.2d 528, 534 (N.H. 1973)); Jordan v. Goddard, 14 Mass.App.Ct. 723, 730 fn.4 (1982). The exercise of this duty requires that a landlord make repairs to defects, about which he knew or had reason to know, within a reasonable amount of time. Young, 380 Mass, at 170. The plaintiffs offer no evidence here to show that the owner knew or had reason to know of the allegedly defective window screen in order to repair it. Additionally, the plaintiffs offer no evidence to show that the screen was installed defectively. Hence, the plaintiffs fail to meet their burden to defeat a motion for summary judgment. Accordingly, this court must allow the defendants’ motion for summary judgment.
VI.Claims for Liability against Metropolitan — Counts XV, XVI
Finally, the plaintiffs allege that Metropolitan negligently inspected the screens for safety and proper installation. The plaintiffs argue that Metropolitan’s negligence resulted in the plaintiffs injuries.
The defendant Metropolitan is a “Public Housing Authority” (PHA), because it engages in the development and organization of housing for low-income families pursuant to Section 8 of the U.S. Housing Act of 1937. 24 C.F.R. §882.102 (1991). Prior to approving a lease, a PHA has the duly to inspect a unit to determine if it is in “Decent, Safe, and Sanitary” condition. §§882.116(0), 882.209(h)(1). Under the “Decent, Safe, and Sanitary" standards listed within 24 CFR §882.109 for a PHA to follow, the only references made to safety are that “exterior . . . windows accessible from outside the unit shall be lockable,” §882.109(c)(2), and that “the site and neighborhood shall be reasonably free from . . . hazards to the health, safety, and general welfare of the occupants,” §882.109(k)(l). There is no duty for a PHA to inspect a unit for the proper installation of window screens, nor is there a duty to ensure that window screens are safe enough to keep children from falling out.
This court concludes that Metropolitan incurs no liability, because the alleged duty to inspect the window screens does not exist. Therefore, the plaintiffs’ claims against Metropolitan fail.
VII.Claims for Negligent Infliction of Emotional Distress against Andersen, JC Adams, Bennett, and Metropolitan
The plaintiff Vicki Feliciano states claims for negligent infliction of emotional distress against all the defendants. For a negligent infliction of emotional distress claim, the plaintiff must prove (1) the defendant’s negligence, (2) emotional distress, (3) causation, (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstance of the case. Payton v. Abbott Labs., 386 Mass. 540, 557 (1982). There can be no recovery without proof of physical harm. Id. at 552-53. Nothing in the record shows that the plaintiff suffered any physical harm. Therefore, the plaintiffs claims for emotional distress fail.
ORDER
For the foregoing reasons, it is hereby ORDERED that:
1) the defendants’, Bennett and Metropolitan, motions for summary judgment be ALLOWED:
2) the defendant Andersen’s motion for summary judgment on Counts II and VI be ALLOWED;
3) the defendant JC Adams’ motion for summary judgment on Counts IX and XI be ALLOWED;
4) the defendant Andersen’s motion for summary judgment on Counts I, III, IV, V, VII, and VIII be DENIED; and
5) the defendant JC Adams’ motion for summary judgment on Counts X and XII be DENIED.

Andersen admits in its answer to the plaintiffs’ complaint that, at all times relevant to this action, it was engaged in the design, development, testing, manufacture, marketing, advertising, sale, promotion, and distribution of window assemblies.

“It may be supposed, for example, that the person who wields an ax does not require a warning that he should avoid bringing the ax down on his foot and that, should he do so, the consequences will be unpleasant.” Maldonado, 16 Mass.App.Ct. at 913.

As nothing on the record shows that there was an express warranty, the court will only address the issue of an implied warranty.

The plaintiffs neither allege in their complaint, nor address in their opposition, that David A. Bennett, Jr. had a duty to warn them of the dangers involved in using the window screen. Accordingly, the court will not address this issue.