Hely, J.
I. INTRODUCTION
The primary plaintiff, Phillip B. Taube, sustained a severe spinal cord injury in an accident in his own above-ground swimming pool. Delair Group, Inc. had manufactured the pool. Namco., Inc. had sold the pool liner to Mr. Taube. The first amended complaint alleges that the plaintiffs injuries were caused by negligence and breach of warranty by Delair and Namco. Delair and Namco have moved for summary judgment.
The court will apply the summary judgment principles stated in Kourouvacilis v. General Motors Corp., 410 Mass. 706 (1991). The court will consider the summary judgment evidence in the light most favorable to the plaintiff. Applying these standards, the defendants Eire entitled to summary judgment.
II. THE WARNINGS ON THE POOL AND THE PLAINTIFF’S JUMP-DIVE
On the date of the accident, the plaintiff was six feet three inches tall, and he weighed 285 pounds. He was thirly-two years old. At the time of the plaintiffs jump-dive, there was three and one-half feet of water in the pool.
Mr. Taube gave the following description of the accident in his deposition and answers to interrogatories. He went to jump off the deck. Before jumping, he *363 took approximately two running steps. As he jumped, he realized that he was too close to his two-year old son who was floating in the pool in a small boat. Mr. Taube was afraid that he would knock over or swamp his son. When he saw his son, he twisted his body and entered the water headfirst. The immediate cause of his injury was the impact of his body against the bottom of the pool.
There were five no-diving signs on the pool itself and one no-diving sign on the ladder to the deck. The signs on the pool were eight inches long and had red letters one and one-half inches high. The sign on the ladder had red letters on a white background.
Mr. Taube had owned the pool for three years and eleven months. Mr. Taube was aware of and understood the no-diving signs on the pool and the ladder. The signs had been present whenever he had used the pool in the past. Mr. Taube testified that he “just really didn’t pay attention to them.”
Mr. Taube had learned to swim as a child. During his lifetime, he had used a town pool, a pool in college, and an above-ground, four-foot deep pool owned by his brother. He had completed a scuba diving course.
III. THE DUTY TO WARN AND CAUSATION
The plaintiffs theory in support of his negligence and warranty claims is that the defendants breached a duly to warn the plaintiff of the danger of diving into the pool. The plaintiff contends that the no-diving signs were inadequate because they contained no wording or illustration emphasizing the severity of possible diving injuries.
Nearly all of the appellate decisions from other jurisdictions cited by the parties support the defendants’ argument that the no-diving signs were adequate without further reference to the nature of the possible injuries. There is also much force in the defendants’ arguments that the risk of serious injury from diving into three and a half feet of water was obvious to an adult of average intelligence. They further contend that this was a risk known to the plaintiff, an experienced user of the shallow pool. Thorson v. Mandell, 402 Mass. 744, 749 (1988); Bavuso v. Caterpillar Industrial, Inc., 408 Mass. 694, 699-02 (1990); Morrell v. Precise Engineering, Inc., 36 Mass.App.Ct. 935, 936-37 (1994).
There is support for the plaintiffs argument, however, in MacDonald v. Ortho Pharmaceutical, 394 Mass. 131, 141 (1985) (warning said that the birth control pill could cause “abnormal blood clotting which can be fatal” but did not warn about the risk of a stroke).
The court need not resolve the issue of the adequacy of the warning because the defendants are entitled to summary judgment on a related but independent ground. As a matter of law, the absence of additional warnings on the no-diving signs did not cause the plaintiffs injuries in this case. See Maldonado v. Thomson National Press Co., 16 Mass.App.Ct. 911, 912-13 (1983). When Mr. Taube ran off the deck, he was jumping not diving. In midair he twisted into a headfirst position to avoid swamping or hitting his son. This was a split-second, unplanned emergency decision for the benefit of his young child. Taking the evidence in the light most favorable to the plaintiff, no reasonable jury could conclude that additional warning language on the six no-diving signs would have prevented Mr. Taube from taking this emergency evasive action to protect his son.
In the last paragraph of his summary judgment affidavit, Mr. Taube states that if he had been made aware of the risk of paralysis, he would have not have jumped from the deck on the date of his injury. This affidavit cannot be used as a basis for avoiding summary judgment. As described in Mr. Taube’s deposition, it was not his jumping from the deck that caused his injury; it was his midair twisting into a headfirst position. According to his deposition, he twisted into the headfirst position to avoid swamping his two-year old son. The plaintiffs summary judgment affidavit, signed two years after the deposition, cannot be permitted to contradict or explain away his deposition testimony. Morell, supra at 937; O’Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993).
Because the defendants are entitled to summary judgment on the causation issue, the court need not consider the conflicting evidence on the defendant’s intoxication or alcohol consumption. The court has also not considered the additional exhibits and memorandum submitted by Delair after the hearing.
IV. ORDER
Summary judgment will enter for the defendants Delair Group, Inc. and Namco, Inc.