*William C. Costello,* pro se.


KEVIN CAREY & another[1] *vs.* LYNN LADDER AND SCAFFOLDING COMPANY, INC. March 4, 1998. *Negligence,* Ladder, Manufacturer, Duty to warn.

The plaintiff, Kevin Carey, brought an action in the Superior Court against the defendant seeking damages for injuries incurred when, on May 15, 1991, he fell from the seventh step of an eight foot wooden stepladder manufactured by the defendant sometime between 1975 and 1977. (The seventh step is the first step below the "cap" or top platform of the ladder.) The only remaining claim is the assertion that the defendant was causally negligent by reason of its failure to place a label on the ladder warning users that they should not attempt to stand on the seventh step. A judge in the Superior Court allowed the defendant's motion for summary judgment on the claim, Mass. R. Civ. P. 56 (b), 365 Mass. 824 (1974), on the ground that "it appears uncontroverted that the plaintiff needed no warning of the hazard which was obvious [to him]." The Appeals Court, in an unpublished memorandum and order pursuant to its rule 1:28, concluded that there were triable issues of fact "as to whether the danger of using the seventh step was obvious and whether a warning was needed." See 42 Mass. App. Ct. 1126 (1997). We allowed the defendant's application for further appellate review and now affirm the summary judgment for the defendant.

The plaintiff testified in his deposition that in November, 1990, the same ladder had tipped over while he was standing on the third step, that he was always aware of the ladder's instability, and that it was "shaky from the time [he] went up on it until the time [he] came off of it." The plaintiff went on to testify that, "[e]very time he used the ladder, it was shaky," that, "[t]he ladder is unstable no matter what stair you're on," and that, "[i]t's just an unstable ladder." Critically, for the purpose of this appeal, the plaintiff admitted that he "didn't need anyone to warn [him] not to go up to the sixth step [of the ladder]."

The questions posed to the plaintiff in his deposition were proper, and he is bound by the testimony as to his knowledge. *Findlay* v. *Rubin Glass & Mirror Co.*, 350 Mass. 169, 172 (1966). A manufacturer has a duty to warn expected users of its product of latent dangers in its normal and intended use. See *Bavuso* v. *Caterpillar Indus., Inc.*, 408 Mass. 694, 699 (1990); *Barbosa* v. *Hop-*

---

[1]His wife, Deborah Carey, who has brought a loss of consortium claim in her husband's action.

*per Feeds, Inc.*, 404 Mass. 610, 614 (1989), *S.C., Hopper Feeds, Inc.* v. *Cincinnati Milacron, Inc.*, 411 Mass. 273 (1991); *Maldonado* v. *Thomson Nat'l Press Co.*, 16 Mass. App. Ct. 911, 912 (1983). The duty to warn, however, does not attach where the danger presented is obvious, see *Bavuso* v. *Caterpillar Indus., Inc.*, *supra*, and cases cited, or where the plaintiff appreciated the danger substantially to the same extent as a warning would have provided. See *Slate* v. *Bethlehem Steel Corp.*, 400 Mass. 378, 382 (1987); W.L. Prosser & W.P. Keeton, Torts § 96, at 686 (5th ed. 1984). These latter principles govern this case. The summary judgment record establishes, under the standards stated in *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 710 (1991), that the plaintiff was aware of, and appreciated, the danger he was incurring by going to the seventh step of the ladder so that a warning to the plaintiff was not needed, and the defendant was not causally responsible for the accident. See *Bavuso* v. *Caterpillar Indus., Inc.*, *supra* at 701-702; *Colter* v. *Barber-Greene Co.*, 403 Mass. 50, 59 (1988); *Bell* v. *Wysong & Miles Co.*, 26 Mass. App. Ct. 1011, 1013 (1988); *Maldonado* v. *Thomson Nat'l Press Co.*, *supra*; *Fiorentino* v. *A.E. Staley Mfg. Co.*, 11 Mass. App. Ct. 428, 434 (1981); *Killeen* v. *Harmon Grain Prods., Inc.*, 11 Mass. App. Ct. 20, 24 (1980). The plaintiff's submissions in opposition to the defendant's motion for summary judgment do not avoid this conclusion so as to create a triable issue of fact.

Summary judgment for the defendant is affirmed.

*So ordered.*

*Sean P. Teehan* (*William J. Fidurko* with him) for the plaintiffs.
*James J. Walsh* for the defendant.