Kottmyer, J.
Plaintiff Lynda L. Martinelli (“Martinelli” or “plaintiff’) filed this suit seeking damages for injuries suffered when hot coffee she had purchased at a Dunkin’ Donuts franchise operated by defendant Dant-Chris Corporation (“Dant-Chris”) spilled on her. Pursuant to Mass.R.Civ.P. 56(c), defendants Dant-Chris and Dunkin’ Donuts Incorporated (“DDI”), the franchisor, have moved for summary judgment on Counts XXI through XXVII alleging negligence, failure to warn, breach of warranty and violations of G.L.c. 93A against Dant-Chris and Counts XXXV-XLII seeking a declaratory judgment and asserting claims for negligence, failure to warn, breach of warranty and violations of G.L.c. 9 3A against DDL
For the reasons set forth below, the defendants’ motion for summary judgment is ALLOWED.
SUMMARY JUDGMENT RECORD
The facts, viewed in the light most favorable to the plaintiffs, are as follows.
On June 12, 1997, Martinelli purchased a cup of hot coffee in a Styrofoam cup with a lid at the drive-up window of a Dunkin’ Donuts at 980 Eastern Avenue in Malden, Massachusetts. After purchasing the coffee, plaintiff affixed a plastic cup holder to the driver’s side door of her vehicle by wedging the hook portion of the holder into a groove parallel to the window. Conscious that other customers were waiting, she did so hurriedly. She had purchased the cup holder at Sonny’s Car Wash about ten days before the accident. She did not receive any instructions or directions for installing the cup holder.
After affixing the cup holder to the door of the vehicle, Martinelli placed the covered cup of hot coffee in the cup holder. She did not look at the cup to see whether the lid was securely fastened before putting the cup in the holder or at any time during the five-minute drive from the Dunkin’ Donuts to the street on which she lived. When she put the cup in the holder, she did notice that the cup might have been too heavy for the holder. Martinelli knew that she would be burned if the coffee spilled on her. Because the holder did not seem quite as sturdy as it should be and she was concerned about its stability, she kept two fingers across the horizontal top of the holder until she reached her house. At that point, plaintiff had to make a sharp left turn into her driveway and removed her fingers from the cup holder so that she could place her left hand on the steering wheel. When she did so, the cup holder and coffee fell onto her left side and coffee spilled out of the cup burning her left hip and thigh.
Dant-Chris is a Dunkin’ Donuts franchisee which owns and operates the Dunkin’ Donuts at which Martinelli purchased the coffee. Plaintiff alleges that DDI is liable because it exerted control over the franchise.
On February 9, 2000, plaintiff sent defendants Dant-Chris and DDI demand letters pursuant to G.L.c. 93A, §2. Neither defendant responded. Martinelli’s husband, Ralph Martinelli, has asserted claims for loss of consortium.
DISCUSSION
Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. See Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). In ruling on a motion for summary judgment, “a judge . . . must consider ‘the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,’ in determining whether summary judgment is appropriate.” Flesner v. Technical Communications Corp., 410 Mass. 805, 808 (1991), quoting Mass.R.Civ.P. 56(c) (other citations omitted). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. See Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Courts must read the summary judgment material in a light most favorable to the non-moving party. See Blare v. Husky Injection Molding Systems Boston Inc., 419 Mass. 437, 438 (1995).
*602 Negligence and Failure to Warn Claims
Plaintiff alleges that the defendants negligently and carelessly made and served coffee which was unreasonably hot and negligently selected an unsuitable container for the coffee.[3] To prevail on her claim for negligence, plaintiff must adduce evidence that the coffee was defective or unreasonably dangerous by virtue of being hotter than it should have been. Plaintiff has adduced no such evidence. “Heat is an inherent feature of a cup of coffee.” Holowaty v. McDonald’s Corp., 10 F.Sup.2d 1078, 1083 n.1 (D.Minn. 1998). Because coffee is customarily served and intended to be consumed as a hot beverage, plaintiffs have the burden of adducing evidence that the coffee exceeded the reasonable and customary standards for such a product. Given the nature of the product, the fact that the coffee was hot enough to burn skin on contact is insufficient to satisfy their burden. Huppe v. Twenty-First Century Restaurants of America, Inc., 497 NYS.2d 306, 309 (1985). Accord, Holowaty v. McDonald’s Corp., supra, 10 F.Sup.2d at 1082 et seq. (plaintiff must adduce competent evidence that coffee was unreasonably hot to overcome motion for summary judgment). See also Lamkin v. Braniff Airlines, Inc., 853 F.Sup. 30, 32 n.2 (D.Mass. 1994) (summary judgment entered in defendant’s favor where there was no evidence that a defect in the coffee maker caused it to brew extremely hot coffee). Similarly plaintiff has adduced no evidence that the cup and lid violated any applicable standard or were otherwise unreasonable in design or that any defect in the container was the legal cause of her injuries. Huppe, supra, 497 N.Y.S.2d at 308 (absent evidence that cups failed to contain their contents under foreseeable conditions where they would reasonably be expected to do so, negligence claim failed); Greene v. Boddie-Noell Enterprises, Inc., 966 F.Sup. 416, 418 (W.D.Va. 1997) (to overcome summary judgment, plaintiff must adduce evidence that “either the heat of coffee or the security of the coffee cup lid violated [an] applicable standard”). The record in this case is devoid of such evidence.
Defendants’ motion for summary judgment on Counts XXI and XXII and Counts XXXVI and XXXVII is allowed.
Plaintiff also alleges that the defendants negligently and carelessly failed to warn her of the danger in transporting extremely hot coffee. As a matter of law, there is no duty to warn “where the danger is obvious, ... or where the plaintiff appreciated the danger substantially to the same extent as a warning would have provided.” Carey v. Lynn Ladder and Scaffolding Co., Inc., 427 Mass. 1003 (1998) (citation omitted). Accord, Colter v. Barber-Greene Co., 403 Mass. 50, 59 (1998). “The average person in the community knows that hot coffee can cause burns.” Holowaty v. McDonald’s Corp., supra, 10 F.Sup.2d at 1084. Plaintiff testified that “there was no doubt in [her] mind that if the coffee spilled, [she] would be burned.”[4] Defendants’ motion for summary judgment is allowed on Counts XXIII and XXXVIII.[5]
Breach of Warranty Claims
In various counts, plaintiff alleges breaches of the implied warranties of merchantability and fitness for a particular purpose. Specifically, she alleges that the defendants (1) “breached [the] warranty of merchantability” because the “container configuration system was not fit or reasonably suitable for the ordinary purpose of safely transporting extremely hot coffee while driving a motor vehicle” and (2) “breached [the] warranty of adequate containment and packaging” and the “warranty that the container which it selected and used to hold the extremely hot coffee” was “fit for a particular purpose.’’[6]
“There is no indication in the evidence that the cups failed to contain their contents under foreseeable conditions where they would reasonably be expected to do so.” Huppe v. Twenty-First Century Restaurants of America, Inc., supra, 497 N.Y.S.2d at 309. The coffee spilled when the cup holder came off the door and the cup holder and cup of coffee fell onto plaintiffs left side.
A manufacturer or seller need not incorporate safety features into its product so that no harm will come to a user no matter how careless she may be and no matter what the circumstances of its use . . . Here, the cups were covered when served to the plaintiffs and there is no evidence that they burst, collapsed or otherwise discharged their contents without the intervention of an unforeseen external force . . . The possibility that spill-proof cups could have been provided does not prove that the cups actually provided were below the customary or reasonable standard at the time and locality involved or that they were unfit or unsafe for their intended use.
Id. The defendants’ motion for summary judgment on Counts XXTV, XXV, XXVI and Counts XXXIX, XL, XLI is allowed.[7]
General Laws, Chapter 93A Claims
Plaintiff alleges in Counts XXVII and XLII that the defendants committed unfair and deceptive trade practices in violation of G.L.c. 93A. There are no genuine issues of material fact concerning unfair or deceptive business practices. See Kearney v. Morris, 916 F.Sup. 61, 65 (D.Mass. 1996) (claim under G.L.c. 93A fails as a matter of law where facts fail to support claims for negligence and breach of warranty). As a matter of law, defendants are entitled to summary judgment on Counts XXVII and XLII.[8]
ORDER
For the foregoing reasons, it is ORDERED that the motion of defendant Dant-Chris Corporation for summary judgment on Counts XXI through XXVII (negligence, failure to warn, breach of warranty and violations of G.L.c. 93A) is ALLOWED. Further, the *603 motion of defendant Dunkin’ Donuts Incorporated for summary judgment on Counts XXXV through XLII (declaratory judgment, negligence, failure to warn, breach of warranty and 93A violations) is ALLOWED. Judgment shall enter in favor of defendants DantChris and Dunkin’ Donuts on all claims against them. Further, plaintiffs’ motion pursuant to Rule 56(f) is DENIED. Plaintiffs deposition testimony establishes that her claims against these defendants are without merit and further discovery would be futile.

 Plaintiff has adduced conflicting evidence as to whether the coffee was hotter on the day of the spill than on previous occasions when she had purchased coffee from the same Dunkin’ Donuts. But absent competent evidence that the coffee was unreasonably hot on the day of the spill, she has not met her burden. See Holowaty v. McDonald's Corp., supra, 10 F.Sup.2d at 1083 (plaintiffs testimony that coffee was “far hotter than I’ve seen anywhere" insufficient to create a material question of fact as to reasonableness of temperature of coffee).

 There is evidence that the following warning was printed on the coffee cup: “Caution: This Beverage is Extremely Hot” and that there was a warning on the lid. There is some evidence in the record that the warning on the cup could only be read by holding the cup upside down and the warning on the lid was difficult to read. Accordingly, I have not relied on the fact that warnings were given in ruling on this motion.

 defendants are also entitled to judgment on plaintiff Ralph Martinelli’s loss of consortium claims which are derivative. See Sena v. Commonwealth, 417 Mass. 250, 264 (1994) (viable claim necessary for loss of consortium claim to survive).

 These contentions were made in Counts XXII, XXXVH, XXIV, XXXIX, XXV, XL, XXVI and XLI.

 Moreover, the record reflects that plaintiff did not check to see whether the lid was securely fastened before putting the cup in the holder. Accordingly, even if there were evidence of a breach of warranty, plaintiff would be unable to establish the requisite causal relationship between the breach and her injuries.

 Plaintiff seeks a declaratory judgment in Count XXXV of its complaint that DDI, the franchisor, is a “merchant, manufacturer, seller or supplier” under the Uniform Commercial Code. Because the underlying claims are without merit, it is not necessary to address this issue.