Billings, A.J.
Defendants’ Motion for Summary Judgment is ALLOWED with respect to the claims of disparate treatment based on sexual preference and age (Count One in part, Count Two in part, and Count Three in part) and retaliation (Count Four). Otherwise, the motion is DENIED.
1. Viewing the record, as I must, in the light most favorable to the plaintiff, the plaintiff has produced evidence (her own testimony, corroborated in part by that of several co-workers) that she was subjected to severe, pervasive and continuing harassment by employees Ertsgard, Harris and Gilbert; that defendant Boucher (the plaintiffs supervisor) was aware of the harassment and failed to heed the plaintiffs requests that he take action to remedy it; and that notwithstanding the departures of Harris and Ertsgard, both the pattern of harassment (now, carried on by Gilbert) and Boucher’s unresponsiveness continued past December 17, 1999 (i.e., to within three years prior to the filing of this action). See G.L.c. 51B, §9; Cuddyer v. The Stop & Shop Supermarket Co., 434 Mass. 521, 539 (2001).
2. This case comes fairly close to, but not quite within, the many holdings that “(t]he plaintiff cannot create a disputed issue of fact by submitting an affidavit that contradicts [her] earlier sworn testimony.” Geller v. Allied-Lyons PLC, 42 Mass.App.Ct. 120, 121 n.2 (1997); Morrell v. Precise Engr., Inc., 36 Mass.App.Ct. 935, 937 (1994); O’Brien v. Analog Devices, Inc., 34 Mass.App.Ct. 905, 906 (1993). Although generally non-specific as to dates of particular incidents, the plaintiffs deposition testimony and interrogatory answers can fairly be read to describe a pattern of frequent harassment which continued, in the case of Gilbert at least, right up until the plaintiff left the company. (See, e.g., “Plaintiff s Additional Supplemental Response to Defendant Karl Storz’s First Set of Interrogatories,” No. 3, last full sentence on p. 19.) The defendants, even before the affidavit was filed, thus had not affirmatively demonstrated that the plaintiff “ha[d] no reasonable expectation of proving an essential element of’ her harassment claim. Kourovacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
3. There is likewise a genuine issue concerning whether the plaintiff was constructively discharged. If a juiy accepted as true the plaintiffs and her coworkers’ descriptions of the aforementioned employees’ conduct and its effects on her (and rejected the contrary inferences urged by the defendants from her statements and actions preparatory to her resignation), it could reasonably find that her “working conditions [were] so difficult or unpleasant that a reasonable person in the employee’s shoes would have felt compelled to resign.” GTE Products Corp. v. Stewart 421 Mass. 22, 34 (1995), quoting Alicea Rosado v. Garcia Santiago, 562 F.2d 114, 119 (1st Cir. 1977).
4. Although the defendants are correct that no Massachusetts appellate decision directly addresses Boucher’s individual liability for failing to act on the plaintiffs claims of harassment, there is substantial authority from this Court and the U.S. District Court holding that a supervisor who knows of workplace harassment in his department, has a duty and the authority to act, and fails to do so may be liable as an aider and abetter. Morehouse v. Berkshire Gas Co., 989 F.Sup. 54, 61-63 (D.Mass. 1997); Chapin v. University of Massachusetts at Lowell, 977 F.Sup. 72, 80 (D.Mass. 1997; Lindsay, J.); Mayo v. Dalbar, Inc., 14 Mass. L. Rptr. 493, 2002 WL 1020725 (Mass.Super.; Houston, J.); LeClerc v. Interstate Distributors Div. of Hudson News Co., 2000 WL 33170694 (Mass.Super.; Mulligan, J.).
5. The evidence does not, however, support the plaintiffs claims of disparate treatment based on sexual preference and age (Count One in part, Count Two in part, and Count Three in part), or her claim of retaliation (Count Four). Apart from the failure to remedy the harassment by her co-workers already discussed, the only adverse employment actions the plaintiff alleges on the part of Boucher or Storz are a reassignment on May 9, 1996 and a decision on July 10, 1996 not to train her in endoscope inspection. Assuming that either action would otherwise support a claim of disparate treatment or of retaliation, both were discreet events which occurred outside the three-year limitations period under G.L.c. 151B, §9.
* * *
For the foregoing reasons, judgment will enter dismissing so much of Counts One, Two and Three as allege disparate treatment on the basis of sexual orientation and age, and dismissing Count Four in its entirety. The defendants’ Motion for summary judgment is otherwise DENIED.